Date signed November 25, 2008



**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| THOMAS ALFRED SMITH, IV, | * | Case No. 08-21030-JS |
| Debtor | * | Chapter 7 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### *MEMORANDUM OPINION GRANTING MOTION FOR ORDER CONFIRMING RES JUDICATA EFFECT OF DEFAULT JUDGMENT OF NON-DISCHARGEABILITY AND GRANTING  IN PART AND DENYING IN PART MOTION TO CONFIRM THAT THE AUTOMATIC STAY IS NOT IN EFFECT AS TO THE DEBTOR AND PROPERTY OF THE  DEBTOR TO ALLOW CONTINUATION OF COLLECTION PROCEEDINGS*

### *FINDINGS OF FACT*

1.  On June 1, 2007, Thomas Alfred Smith, IV ("the debtor") filed his first bankruptcy case in this Court under Chapter 13 of the Bankruptcy Code.

2. On September 4, 2007, John Villers-Farrow and Sandra Hall ("the movants") filed a complaint against the debtor seeking a nondischargeable judgment in the amount of $168,299.22, plus costs and interest, pursuant to 11 U.S.C. §§ 523(a)(2)

and (a)(4). John C. Villers Farrow, et al. v. Thomas Alfred Smith, IV, Adv. Pro. No. 07-00679-JS.

3.   The debtor did not respond to the complaint.   Accordingly, this Court executed the movants' proposed order that entered a nondischargeable judgment by default against the debtor in favor of the movants in the amount requested.   The order of judgment provided that the judgment "is excepted from discharge in the above-captioned bankruptcy case."

4.   On November 9, 2007, the debtor's Chapter 13 case was dismissed for failure to confirm a plan, and on January 4, 2008, the case was closed.

5.   Thereafter, the movants obtained a writ of garnishment that directed the debtor's employer to hold the debtor's commissions, subject to the rights of the movants.   In response, the debtor filed the instant Chapter 7 bankruptcy case.

6.   On Schedule B of the petition, the debtor stated that he has a personal property interest in commissions due in the amount of $10,000.   On Schedule C, he exempted the commissions in full.

7.   The debtor did not file a motion to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B) within 30 days of filing the instant petition.

8.   On September 29, 2008, the movants filed the instant motion, in which they seek an order confirming that the nondischargeable default judgment that was entered

2

in the debtor's previous case be determined to have a *res judicata* effect to preclude the debtor from disputing the dischargeability of the judgment in the instant case. The motion also seeks an order confirming that the automatic stay is no longer in effect so as to allow execution against the exempted commissions and postpetition wages.

9. On October 15, 2008, the debtor filed an opposition to the motion. The debtor stated that he had not objected to the language of the proposed order that granted the default judgment against him because he understood the order only to apply to the first bankruptcy case, and not to subsequent bankruptcy filings.

10. On November 5, 2008, a hearing was held on the motion.

## CONCLUSIONS OF LAW

1. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C § 157(b)(2)(I). Venue is appropriate pursuant to 28 U.S.C § 1409.

2. In the case of *Grausz v. Englander (In re Grausz)*, 321 F.3d 467, 472 (4th Cir. 2003), the Fourth Circuit set forth the standard by which this Court must determine whether a previous federal judgment bars subsequent litigation because of principles of *res judicata*. There, the court stated:

> We look to res judicata principles developed in our own case law to determine whether an earlier federal judgment, including the judgment of a bankruptcy court, bars a claim asserted in a later action. The later

3

claim is precluded when: 1.) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claim[ ] in the second matter [is] based upon the same cause of action involved in the earlier proceeding.

*Id.* (internal citations omitted.)

3. Generally, the principle of *res judicata* will bar debtors from discharging debts held to be nondischargeable in a prior case.[1] *See Paine v. Griffin (In re Paine)*, 283 B.R. 33, 37 (B.A.P. 9th Cir. 2002) ("In other words, once nondischargeable, always nondischargeable."); *Royal American Oil and Gas Co. v. Szafranski (In re Szafranski)*, 147 B.R. 976, 989 (Bankr. N.D. Okla. 1992) ("Since the nondischargeable character of Royal's debt has already been determined, and is preserved from re-determination or subsequent discharge by 11 U.S.C. § 523(b), there is no need for further evidence on the matter."); *see also Policemen's and Firefighters' Retirement Fund v. Tranter (In re Tranter)*, 245 B.R. 419, 420 (Bankr. S.D. Fla. 2000) (finding a debt previously held nondischargeable to be nondischargeable in a subsequent bankruptcy).

4. The principle of *res judicata* is codified in 11 U.S.C. § 523(b), which provides:

---

[1]Exceptions to this rule are enumerated in 11 U.S.C. § 523(b).

4

Notwithstanding subsection (a) of this section, a debt that was excepted from discharge under subsection (a)(1), (a)(3), or (a)(8) of this section, under section 17a(1), 17a(3), or 17a(5) of the Bankruptcy Act, under section 439A of the Higher Education Act of 1965, or under section 733(g) of the Public Health Service Act in a prior case concerning the debtor under this title, or under the Bankruptcy Act, is dischargeable in a case under this title unless, by the terms of subsection (a) of this section, such debt is not dischargeable in the case under this title.

*Id.*

5.  Section 523(b) only states exceptions to the "once nondischargeable, always nondischargeable" rule.  Nevertheless, bankruptcy courts have unanimously held that by negative inference, Section 523(b) codifies judge-made principles of *res judicata* that would preclude re-determinations of dischargeability.  *See, e.g., Szafranski,* 147 B.R. at 988; *Hatmaker v. Klasinski (In re Klasinski)*, 215 B.R. 181, 183 (Bankr. C. D. Ill. 1997) ("[t]he negative implication of this provision is that it forbids the discharge of a debt which was previously determined nondischargeable on the basis of past acts which do not change.") (citations omitted).  *Saler v. Saler (In re Saler)*, 205 B.R. 737, 749 (Bankr. E.D. Pa. 1997) (Section 523(b), "by its negative implication... forbids discharge of a debt whose nondischargeability was established in a prior case, on the basis of past acts which do not change.").

6.  *Res judicata* is applicable even though the prior judgment was entered by default.  *See Bankruptcy Recovery Network v. Garcia (In re Garcia)*, 313 B.R. 307,

311-12 (because a default judgment of nondischargeability is a final judgment on the merits, such judgments have *res judicata* effect); *see also Presidential Financial v. Raynard (In re Raynard)*, 171 B.R. 699, 701 (Bankr. N.D. Ga. 1994) ("Defendant's failure to file an answer resulted in entry of a default judgment which contained...a determination that [a debt] is not dischargeable in Defendant's bankruptcy case. Pursuant to 11 U.S.C. § 523(b), that debt would also be nondischargeable in any future bankruptcy case which Defendant may file").

7.   The debtor's misinterpretation or lack of understanding of the terms of the movants' proposed order in the prior adversary proceeding, while regrettable, is neither a defense nor an excuse to the validity of the order and furnishes no justification for this Court to vacate it.  *Grausz v. Sampson (In re Grausz)*, 302 B.R. 820, 826 (D. Md. 2002) (Messitte, J.).

8.   Nevertheless, this Court  may not grant the movants' motion to declare that the automatic stay is not applicable to the debtor's exempt commissions so as to allow collection.  The bankruptcy petition operates as an automatic stay that stops or delays almost all collection efforts against the debtor and property of the debtor and the debtor's bankruptcy estate.  11 U.S.C § 362(a).

9.   However, if the debtor has had a bankruptcy case pending within the previous year, and that previous case was dismissed, "the stay under subsection (a)

6

with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case" unless the debtor files a motion to extend the stay under 11 U.S.C. § 362(c)(3)(B). 11 U.S.C. § 362(c)(3)(A).

10. In the instant case, the debtor did not timely file such a motion. When a motion to extend the automatic stay is not timely filed, this Court (Gordon, J.) has held that the automatic stay is terminated as to the debtor and property of the debtor, while the stay is not terminated with respect to property of the debtor's bankruptcy estate. *In re Tubman*, 364 B.R. 574, 583 (Bankr. D. Md. 2007). This holding represents the majority rule that allows a Chapter 7 trustee to administer estate property without creditor interference. *Id.* at 586, *citing In re Jumpp*, 356 B.R. 789, 796-97 (1st Cir. B.A.P. 2006).

11. "Commissions due" that the debtor exempted without objection are therefore no longer property of the debtor's bankruptcy estate. 11 U.S.C. § 522(b); *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642, 112 S.Ct. 1644, 1648, 118 L. Ed. 2d 280 (1992); *In re Carpenter*, 245 B.R. 39, 52 (Bankr. E.D. Va. 2000) ("By exempting property, the debtor effectively removes the property from the estate.").[2]

---

[2]Furthermore, even if an objection to the exemption were filed and upheld, the commissions would remain property of the estate, immune from individual creditors under *Tubman*.

12.   However, section 522(c) provides that "[u]nless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose.... before the commencement of the case..."  11 U.S.C. § 522(c); *see also Owen v. Owen*, 500 U.S. 305, 308, 111 S. Ct. 1833, 1835, 114 L.Ed.2d 350 (1991) ("Property that is properly exempted under § 522 is (with some exceptions) immunized against liability for prebankruptcy debts."); *In re Bunker*, 312 F.3d 145, 151 (4th Cir. 2002) ("Exempted property is not available to satisfy the debtor's obligations.").  Therefore, an unsecured creditor may not proceed directly against exempt property. *In re Scott*, 199 B.R. 586, 592 (Bankr. E. D. Va. 1996) (creditors not falling into a  codified exception to Section 522(c) cannot execute against exempt property).

13.   Accordingly, this Court cannot confirm that the automatic stay is terminated so as to allow collection efforts against the exempt commissions.

14. A Chapter 7 debtor's postpetition earnings are not part of the bankruptcy estate, and thus are not exemptible.  11 U.S.C. § 541(a)(6); *Andrews v. Riggs National Bank of Washington, D.C.*, 80 F.3d 906, 910 (4th Cir. 1996) ("[T]he provision in issue here, § 541(a)(6), allows the debtor to exclude from his estate any compensation or salary he might earn after the date of the petition."); *see also Tubman*, 364 B.R. at 584, n. 19 ("Also, some property in which the debtor has a pre-petition interest never

8

vests at all in the bankruptcy estate because it is excluded from the definition of property of the estate by operation of Section 541(b)."). Therefore, because no motion to extend the automatic stay was filed, this Court will confirm that the automatic stay is indeed terminated with respect to the debtor's postpetition commissions.

### *ORDER ACCORDINGLY*

cc:   Jonathan Gladstone, Esquire
      113 Ridgely Avenue
      Annapolis, Maryland  21401
      Counsel to the Debtor/ Respondent

      Craig B. Leavers, Esquire
      Hofmeister & Leavers, LLC
      409 Washington Avenue, Suite 210
      Towson, Maryland  21204
      Counsel to the Movants

      Joseph J. Bellinger, Esquire
      Ballard Spahr Andrews & Ingersoll, LLP
      300 East Lombard Street, 18th Floor
      Baltimore, Maryland  21202
      Chapter 7 Trustee

      Office of the United States Trustee
      U.S. Courthouse, Suite 2625
      101 West Lombard Street
      Baltimore, Maryland  21201